# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-10219
Summary Calendar

ALEX KOJO BLANKSON

Petitioner-Appellant

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL; JOHN SOURKARIS, Director Post Order Detention Unit, U S (ICE); NURIA PRENDES, Director of Detention and Field Operations Dallas, Texas (ICE); JILL WATSON, Warden of RPRDC

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CV-155

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alex Kojo Blankson appeals the district court's dismissal of his 28 U.S.C. § 2241 petition on the grounds that his detention by the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS) is unconstitutional in light of Zadvydas v. Davis, 533 U.S. 678 (2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court noted that 8 U.S.C. § 1231(a)(1)(C) provides that the removal period shall be extended if the alien fails or refuses to make a good faith effort to obtain a travel document or acts to prevent his removal and concluded that Blankson's own actions and conflicting claims of citizenship hampered the DHS's ability to effectuate his removal. The district court also found that Blankson failed to show that there is no significant likelihood of removal in the foreseeable future.

The district court did not err in denying the petition. Blankson's frequently changing claims of citizenship hampered the DHS's ability to effectuate removal and, under § 1231(a)(1)(C), has served to extend the removal period of § 1231(a)(1)(A). See Balogun v. INS, 9 F.3d 347, 350-51 (5th Cir. 1993). Blankson has failed to show that under the circumstances his continued detention violates his constitutional rights and that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

The judgment of the district court is AFFIRMED; Blankson's motion to enter exhibit lists is DENIED.